UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CTI III, LLC, | No. 2:21-cv-02184-JAM-DB |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT TRI-MERIT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT DEVINE'S MOTION TO DISMISS** |
| v. | |
| BARRY DEVINE, an individual; TRI-MERIT, LLC, an Illinois limited liability company; and DOES 1 through 50, | |
| Defendants. | |

CTI III, LLC ("CTI" or "Plaintiff") brought this action against Barry Devine ("Devine"), its former employee, and Tri-Merit LLC ("Tri-Merit") (collectively "Defendants"), after Devine left CTI to work for Tri-Merit, allegedly taking CTI's confidential information and trade secrets to solicit clients with him.  See generally First Am. Compl. ("FAC"), ECF No. 10. CTI asserts the following claims against Defendants: (1) Misappropriation of Trade Secrets under the Defend Trade Secrets Act; (2) Misappropriation of Trade Secrets under California's Uniform Trade Secrets Act; (3) Breach of contract under the Confidentiality Agreement against Devine only;

1

(4) Breach of contract under the Severance Agreement against Devine only; (5) Violation of California Penal Code Section 502; (6) Unfair Competition; (7) Intentional Interference with Prospective Economic Relations; and (8) Negligent Interference with Prospective Economic Relations.  Id.  Before the Court is Tri-Merit's motion to dismiss claims five through eight and Devine's motion to dismiss claims three, and five through eight. Tri-Merit's Mot. to Dismiss ("Tri-Merit's Mot."), ECF No. 13; Devine's Mot. to Dismiss ("Devine's Mot."), ECF No. 14.  CTI opposed these motions.  Opp'n to Tri-Merit's Mot., ECF No. 16; Opp'n to Devine's Mot., ECF No. 15.  Defendants replied.  Tri-Merit's Reply, ECF No. 17; Devine's Reply, ECF No. 18.  For the reasons set forth below Tri-Merit's motion to dismiss is granted, and Devine's motion is granted in part and denied in part.[1]

## I.   FACTUAL ALLEGATIONS

CTI is a Sacramento based tax consultancy firm.  FAC. ¶¶ 1, 8.  Barry Devine worked as CTI's Business Development Director from 2012 through 2020.  Id. ¶ 9.  By virtue of his position Devine had access to CTI's propriety and confidential information.  Id. ¶ 28.  As such, CTI required Devine to sign a Confidentiality Agreement.  Id. ¶ 29.  Devine's employment with CTI ended in November 2020.  Id. ¶ 9.  He and CTI then entered into a Severance Agreement and General Release, pursuant to which CTI agreed to pay Devine severance benefits and Devine agreed to

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 5, 2022.

release certain claims against CTI.  Id. ¶ 38.

Subsequently, Devine began working for Tri-Merit, CTI's competitor.  Id. ¶ 4.  According to CTI, before he left, Devine downloaded and transferred information and data from CTI's computer systems, including their trade secrets, and shared them with Tri-Merit.  Id. ¶ 19.  Devine and Tri-Merit then used this information to solicit current and potential clients and referral sources of CTI.  Id.  This suit ensued.

## II.  OPINION

### A.  Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Id.  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint and construes the pleading in the light most favorable to the plaintiff.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

B.  Judicial Notice

Devine requests the court take judicial notice of three documents: (1) the Confidentiality and Intellectual Property Assignment Agreement entered into between CTI and Devine; (2) the Termination Certificate signed by Devine; and (3) the Severance Agreement and General Release entered into between CTI and Devine.  Devine's Req. for Judicial Notice, ECF No. 14-1. These documents are not proper subjects of judicial notice; therefore, this request is denied.  See Fed. R. Evid. 201.  The Court, however, considered these documents under the incorporation-by-reference doctrine.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) (explaining that unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself when the plaintiff refers extensively to the document or it forms the basis of plaintiff's claim).

C.  Analysis

1.  California's Uniform Trade Secrets Act

Under California's Uniform Trade Secrets Act ("CUTSA"), a party may recover for the "actual loss" or other injury caused by the misappropriation of trade secrets.  Cal. Civ. Code § 3426.3  "CUTSA defines misappropriation as (1) the improper acquisition of a trade secret or (2) the non-consensual disclosure or use of a trade secret." Erhart v. Bofl Holding,

Inc., --F.Supp.3d --, 2020 WL 1550207, at *36 (S.D. Cal. March 31, 2020). A "trade secret" is information that derives "independent economic value" from its confidentiality and is subject to "efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code. § 3426.1(d).

CUTSA "occupies the field" of common law claims based on the misappropriation of a trade secret. K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal.App.4th 939, 954 (2009). The Act, however, does not supersede "contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). The Act's language "implicitly preempts alternative civil remedies based on trade secret misappropriation." K.C. Multimedia, 171 Cal.App.4th at 954 (citation omitted).

A claim cannot simply depend on a "different theory of liability" to survive CUTSA's preemptive effect. See Id. at 957-59 & n.7. Rather, CUTSA supersedes "common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." Id. at 958 (internal quotation marks and citation omitted). "The preemption inquiry for those causes of action not specifically exempted by § 3426.7(b) focuses on whether other claims are not more than a restatement of the same operative facts supporting trade secret misappropriation. If there is no material distinction between the wrongdoing alleged in a CUTSA claim and that alleged in a

different claim, the CUTSA claim preempts the other claim." SunPower Corp. v. SolarCity Corp., No. 12-cv-00694-LHK, 2012 WL 6160472, at *3 (N.D. Cal. Dec. 11, 2012) (internal quotation marks and citation omitted). "At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." Waymo LLC v. Uber Tech., Inc., 256 F.Supp.3d 1059, 1062 (N.D. Cal. 2017).

Defendants argue CTI's sixth claim for relief under California Business and Professions Code Section 17200, seventh claim for relief for intentional interference with prospective economic relations, and eighth claim for negligent interference with prospective economic relations are all superseded by CUTSA since they are based on the same nucleus of facts as the misappropriation of trade secrets claim. Tri-Merit's Mot. at 12-15; Devine's Mot. at 8.

CTI's sixth claim under California Business and Professions Code Section 17200 concerns Devine's acquisition of data and confidential information and Tri-Merit's use of that information to gain an unfair competitive advantage against Plaintiff. FAC ¶¶ 46-56. The Court finds this is based on the same nucleus of facts as Plaintiff's CUTSA claim which alleges that Devine downloaded CTI's data for the benefit of himself and his future employer, Tri-Merit. Id. ¶¶ 12-22. Similarly, its seventh cause of action for intentional interference with prospective economic relations and eighth cause of action for negligent interference with prospective economic relations rests on the

6

1  allegations that Defendants used the confidential information to
2  solicit CTI's clients.  Id. ¶¶ 61, 62, 68.  Because each of
3  these claims "alleges in essence that Defendants violated
4  [CTI's] rights by acquiring, disclosing, and/or using, without
5  consent (i.e. misappropriating) [CTI's] propriety information,"
6  the claims are superseded.  SunPower Corp., 2012 WL 6160472, at
7  *13.

8   CTI does not dispute that these claims rest on the same
9  nucleus of facts as the trade secret misappropriation claim.
10 See Opp'n at 8-10.  Rather, CTI contends that because this Court
11 in R.R. Donnelley & Sons Co. v. Pappas, No. 21-CV-00753-JAM-AC,
12 2021 WL 3488502 (E.D. Cal. Aug. 9, 2021) found that CUTSA does
13 not preempt claims under California Penal Code Section 502,
14 these claims that are derivative of the Section 502 claim should
15 survive as well.  Id.  The Court disagrees.

16  In R.R. Donnelley & Sons, this Court noted that district
17 courts were divided on the issue of whether CUTSA preempts
18 Section 502 claims based on the same nucleus of facts.  2021 WL
19 3488502, at *3.  For example, in Heieck v. Federal Signal
20 Corporation, the Court found that CUTSA did not supersede
21 Section 502 claims.  2019 WL 6873869, at *4 (C.D. Cal. Nov. 4,
22 2019).  In so holding the Heieck Court pointed to the provision
23 of CUTSA that states "[t]his title does not affect [. . .]
24 criminal remedies, whether or not based upon misappropriation of
25 a trade secret."  Id.  It reasoned that because Section 502 is a
26 criminal statute with criminal remedies, this enumerated
27 exception applied.  Id.  Noting the split in authority, this
28 Court decided to "err[] on the side of caution" and found CUTSA

did not supersede Section 502 claims. R&R Donnelley & Sons Co., 2021 WL 3488502, at *3.

That CUTSA specifically exempts Section 502 claims from supersession, even if based on the same nucleus of common facts as a trade secret misappropriation claim, has no bearing on Plaintiff's other claims. Accordingly, the Court grants Defendants motion to dismiss Plaintiff's sixth, seventh, and eighth claims for relief, without prejudice.[2] See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (explaining leave to amend should be freely given unless there has been undue delay, bad faith, repeated failure to cure deficiencies, it would cause undue prejudice to the opposing party or would be futile).

    2. California's Comprehensive Computer Data Access and Fraud Act

California's Comprehensive Computer Data Access and Fraud Act ("CDAFA"), California Penal Code Section 502, generally prohibits "tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Cal. Penal Code § 502(a). Plaintiff alleges Defendants violated subsection (c)(1), (c)(2), and (c)(7). See FAC ¶ 45. Section 502(c)(1) prohibits knowingly accessing and without permission using any data, computer, computer system, or computer network, in order to wrongfully control or obtain money, property, or data. Cal. Penal Code § 502(c)(1). Section 502(c)(2) prohibits

---

[2] Because the Court dismisses these claims on this ground, it does not address the parties' arguments on the economic loss rule. Devine's Mot. at 15-18; Opp'n to Devine's Mot. at 13-14.

1  knowingly accessing and without permission taking, copying, or
2  making use of any data from a computer, computer system, or
3  computer network.  Id. § 502(c)(2).  Section 502(c)(7) prohibits
4  knowingly and without permission accessing or causing to be
5  accessed any computer, computer system, or computer network.
6  Id. § 502(c)(7).  Section 502(e) enables "the owner or lessee of
7  the computer, computer system, computer network, computer
8  program, or data who suffers damage or loss by reason of a
9  violation of any of the provisions of subdivision (c) [to] bring
10 a civil action against the violator for compensatory damages and
11 injunctive relief or other equitable relief."  Id. § 502(e).
12      As an initial matter, Devine argues CTI's failure to
13 specifically identify the subsections of which its claims are
14 based violates Rule 8 of the Federal Rules of Civil Procedure.
15 Devine's Mot. at 12.  While CTI did not specifically name the
16 subsections it alleges Defendants breached in its complaint, it
17 did mirror the language of three subsections.  FAC ¶ 45.  The
18 Court finds this sufficient to give defendants fair notice of
19 the claim and the grounds upon which it rests.  See Bell
20 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
21      Tri-Merit argues CTI has failed to allege sufficient facts
22 to plausibly state Tri-Merit violated CDAFA.  Mot. at 10.  The
23 Court agrees.  The only facts CTI alleges to support this claim
24 are that Devine installed unauthorized data "while still and in
25 the course and scope of his employment for CTI."  FAC ¶ 47.
26 While CTI claims Tri-Merit "ratified and adopted" such behavior,
27 such conclusory allegations are insufficient to state a claim
28 against Tri-Merit.  Iqbal, 556 U.S. at 678.  CTI has alleged no

1  facts that demonstrate Tri-Merit participated in the alleged
2  unauthorized taking such that it could be liable.  CTI contends
3  that even if Tri-Merit was not aware of Devine's actions and did
4  not participate, it can be liable so long as it accepted the
5  benefit.  Opp'n at 6-7.  Not so.  See Broidy Capital Mmgt. LLC
6  v. Muzin, 19-cv-0150 (DLF), 2020 WL 1536350, at *17 (D.C.C. Mar.
7  31, 2020), aff'd, 12 F.4th 789 (D.C. Cir. 2021) (finding
8  Plaintiff had failed to state a claim against Defendants where
9  there was no allegation that they facilitated the unauthorized
10 hacking and only received the information.).  Because CTI
11 alleges no facts that Tri-Merit actively participated in
12 Devine's alleged unlawful conduct, such as directing Devine's
13 acts, this claim is dismissed without prejudice as to Tri-Merit.
14 See Claridge v. RockYou, Inc., 785 F.Supp.2d 855, 863 (N.D. Cal.
15 2011) (noting the cases interpreting the statute impose
16 liability against individuals or entities who are alleged to
17 have actually participated in unauthorized "hacking"' or the
18 unlawful disclosure of information).  See also Leadsinger, Inc.,
19 512 F.3d at 532.

20     Devine likewise contends CTI has failed to state a claim
21 against him.  According to Devine, because he was permitted to
22 access CTI's computer systems and data while employed, his
23 access was not unauthorized, and he therefore cannot be liable
24 under CDAFA.  Devine's Mot. at 12-14.  He is mistaken.  As the
25 Ninth Circuit explained in Christensen, the CDAFA differs from
26 the Computer Fraud and Abuse Act ("CFAA") and is interpreted
27 differently.  See United States v. Christensen, 828 F.3d 763,
28 789 (9th Cir. 2015).  Unlike the CFAA, CDAFA "does not require

1  *unauthorized* access. It merely requires *knowing* access." Id.
2  "What makes that access unlawful [under CDAFA] is that the
3  person 'without permission takes, copies, or makes use of' data
4  on the computer." Id. (quoting Cal. Penal Code § 502(c)(2)).
5  Thus, CDAFA prohibits "unauthorized taking or use of
6  information" where the "CFAA criminalizes unauthorized *access*,
7  not subsequent unauthorized *use*." Id. Accordingly, "logging
8  into a database with a valid password and subsequently taking,
9  copying, or using the information in the database improperly"
10 would violate CDAFA. Id.
11      CTI has alleged just that: while Devine was still employed
12 by CTI he accessed their system and improperly copied, then used
13 their data. FAC ¶ 47. While Devine may have been authorized to
14 access the system as an employee, he was not, according to CTI,
15 authorized to copy and use the data to solicit CTI's clients.
16 Id. This is sufficient to state a claim under CDAFA. See
17 Christensen, 828 F.3d at 789.
18      Devine also argues that to satisfy CDAFA's provisions that
19 he acted "without permission", CTI had to allege that he
20 accessed the network in a manner that circumvented technological
21 or code-based barriers in place to restrict or bar a user's
22 access. Devine's Mot. at 13. The Court disagrees. As another
23 district court stated: "[c]ircumventing technical barriers may
24 be sufficient to show that a person acted 'without permission,'
25 but that does not mean it is necessary for a person to
26 circumvent technical barriers to act 'without permission.'
27 Christensen makes this clear." West v. Ronquillo-Morgan, 526
28 F.Supp.3d 737, 746 (C.D. Cal. 2020). As the West court noted,

in Christensen, the Ninth Circuit affirmed convictions under CDAFA of individuals who accessed databases with the authority to do so, without circumventing any technical or code-based barriers. Christensen, 828 F.3d at 790. Accordingly, no such allegation is required to state a claim under CDAFA. The Court therefore denies Devine's motion as to the CDAFA claim.

### 3. Breach of Confidentiality Agreement

California Code of Civil Procedure Section 1856 states:

(a) Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to the terms included therein may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement.

(b) The terms set forth in a writing described in subdivision (a) may be explained or supplemented by evidence of consistent additional terms unless the writing is intended also as a complete and exclusive statement of the terms of the agreement.

Thus, Section 1856 "creates two levels of contract integration or finality: (1) the parties intended the writing to be the final expression of their agreement; and (2) the parties intended the writing to be the complete and exclusive statement of the terms of their agreement." Kanno v. Marwit Capital Partners II, L.P., 18 Cal.App.5th 987, 999 (2017). If a contract "falls within level 1 (the writing is a final expression) then a prior or contemporaneous . . . agreement is admissible if it does not contradict the writing, and evidence of consistent additional terms may be used to explain or

1  supplement the writing." Id. at 999-1000.  If, however, a
2  contract "falls within level 2 (complete and exclusive
3  statement) then evidence of consistent additional terms may not
4  be used to explain or supplement the writing." Id. at 1000.

5  Devine argues CTI cannot state a claim for breach of the
6  Confidentiality Agreement as it was superseded by the Severance
7  Agreement.  Devine's Mot. at 9.  Specifically, Devine points to
8  clause 12 of the Severance Agreement that states "[t]his
9  agreement embodies the entire agreement of all the parties
10 hereto who have executed it and supersedes any and all other
11 agreements, understandings, negotiations, or discussions, either
12 oral or in writing, express or implied, between the parties to
13 this agreement." Id. at 11 (citing Ex. 3, ¶ 12 ("Severance
14 Agreement")).  As CTI points out "[t]he crucial issue in
15 determining whether there has been an integration is whether the
16 parties intended their writing to serve as the exclusive
17 embodiment of their agreement." Masterson v. Sine, 68 Cal.2d
18 222, 225 (1968).

19 In California, the presence of an integration clause is not
20 conclusive but rather a factor which may help resolve the issue.
21 Id.  To determine whether a writing is integrated, courts
22 consider: "whether the written agreement appears to be complete
23 on its face; whether the agreement contains an integration
24 clause; whether the alleged parol understanding on the subject
25 matter at issue might naturally be made as a separate agreement;
26 and the circumstances at the time of the writing." Kanno, 18
27 Cal.App.5th at 1001.  Because the integration clause is not
28 conclusive on the issue of whether the parties intended the

13

Severance Agreement to be the complete and exclusive agreement of the parties, Devine has failed to show at this early stage the Confidentiality Agreement was superseded as a matter of law. Accordingly, Devine's motion to dismiss this claim is denied.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Tri-Merit's Motion to Dismiss claims five through eight against it without prejudice.  The Court GRANTS Devine's Motion to Dismiss claims six through eight against him without prejudice.  The Court DENIES Devine's Motion to Dismiss claims three and five. If CTI elects to amend its complaint, it shall file its Second Amended Complaint within twenty days (20) of this Order. Defendants' responsive pleadings are due within twenty days (20) thereafter.

IT IS SO ORDERED.

Dated: May 25, 2022

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE