MATTHEW F. MILLER (SBN 172661)
matt.miller@us.dlapiper.com
JEFFREY TSAI (SBN 226081)
jeff.tsai@us.dlapiper.com
TOM LIN (SBN 319911)
tom.lin@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:   415.836.2500
Fax:   415.836.2501

Attorneys for Plaintiff CTI III, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CTI III, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>BARRY DEVINE, an individual; TRI-MERIT, LLC, an Illinois limited liability company; and DOES 1 through 50,<br><br>              Defendants. | CASE NO. 2:21-cv-02184-JAM-DB<br><br>**STIPULATION FOR ENTRY OF PRELIMINARY INJUNCTION**<br><br>Courtroom:   6<br>Judge:         Hon. John A. Mendez |

Plaintiff CTI III, LLC ("CTI") and Defendants Barry Devine ("Devine') and Tri-Merit, LLC ("Tri-Merit") (CTI, Devine, and Tri-Merit, individually, a "Party" and collectively, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

1. CTI has alleged in the First Amended Complaint (the "Complaint"), Docket No. 10, that Devine and Tri-Merit misappropriated CTI's trade secrets when Devine downloaded CTI's trade secrets for use with Tri-Merit, which CTI alleges Tri-Merit ratified and adopted;

2. CTI has alleged in the Complaint that Devine breached his contracts with CTI and

violated California Penal Code section 502 by downloading CTI's trade secrets while employed by CTI and failed to return all CTI documents and property upon his termination;

3. CTI contends that Devine has not returned all CTI documents.

4. Defendants deny all allegations of wrongdoing set forth in the Complaint, and admit to no wrongdoing, misconduct, misappropriation, and/or breach of any obligation;

5. To avoid the cost and expense of Temporary Restraining Order and Preliminary Injunction proceedings and to preserve judicial economy, but without conceding any of the facts as alleged in the Complaint or herein, the Parties agree on the terms of a stipulated preliminary injunction as follows.

## PRELIMINARY INJUNCTION

A. Devine and Tri-Merit, and those acting in concert with them, shall not use, disclose, exploit, transmit, copy, or access, either directly or indirectly, any CTI Documents[1] that Devine obtained through his employment with CTI in any way, regardless of where stored or copied.

B. Devine shall not transmit or otherwise communicate to Tri-Merit or use in the performance of work for Tri-Merit the contents or substance of any CTI Documents that Devine obtained through his employment with CTI.

C. Devine and Tri-Merit shall not duplicate, convey, disclose, or otherwise disseminate through any means any CTI Documents that Devine obtained through his employment with CTI.

D. Devine shall, within five (5) business days of entry of this order by the Court, conduct a diligent search and make a reasonable inquiry and identify (i.e., to indicate the location, name, make, model, serial number, and other identifying information as available) to CTI all computers, USB storage devices, hard drives, cloud-based

---

[1] "CTI Documents" shall mean, all documents that Defendants know or reasonably should know, in whole or in part, contain information created by a CTI employee in the ordinary course of business or originating from a CTI information system.

storage systems, smart phones, tablets, and any other electronic storage device(s) to which the devices imaged in DEVINE_000229, DEVINE_000230, and DEVINE_000231[2] were connected, as well as any other computers, USB storage devices, hard drives, cloud-based storage systems, smart phones, tablets, and any other electronic storage device(s) containing CTI Documents that Devine obtained through his employment with CTI.

E. Tri-Merit shall within five (5) business days of entry of this order by the Court, conduct a diligent search and make a reasonable inquiry and identify to CTI all computers, USB storage devices, hard drives, cloud-based storage systems, smart phones, tablets, and any other electronic storage device(s) on which Devine worked, used, or accessed while employed by Tri-Merit, or which contain CTI Documents .

F. Devine and Tri-Merit shall, within ten (10) business days of entry of this order by the Court, surrender all CTI Documents to their counsel located through a reasonably diligent search.  Such CTI Documents will be considered designated by CTI as Attorneys' Eyes Only.  Each counsel for the respective Defendants will certify that Devine or Tri-Merit, as appropriate, no longer have personal possession, custody, or control over any CTI Documents.  Within fifteen (15) business days of entry of this order by the Court, Defendants' counsel will provide to CTI's counsel such CTI Documents as may be located through a reasonably diligent search.  Defendants' counsel may maintain a litigation copy of any such CTI Documents for the defense of Defendants.  The identification or production of documents by Defendants, including but not limited to in response to this stipulation, is not an admission, acknowledgment, or concession, nor shall be construed as such by any Party, that (1) there has been any theft, misappropriation, or use of any CTI Documents by Defendants or (2) that such CTI Documents fall within the definition of (a) trade secret under any federal or state law or (b) confidential information under the terms

---

[2] On August 24, 2023, Devine produced these spreadsheets itemizing the contents of forensic images of devices that were in Devine's possession following his termination from CTI that contain CTI Documents.

of any alleged contract related to the claims in this case.

G. Defendants' counsel shall, within ten (10) business days of entry of this order by the Court, make all of Devine's and Tri-Merit's electronic data storage system(s) and/or computer(s), including but not limited to USB storage devices, hard drives, smart phones, tablets, and any other electronic storage device(s) (together with log-ins and passwords for each) identified in Paragraphs D and E, *supra*, that are in Defendants' possession, custody, or control, or which otherwise contain CTI Documents, including Devine's personal iPad and iTunes account, which have not already been forensically imaged, available to an independent third-party forensic analyst (the "Analyst"), agreed upon by the Parties, as well as to allow the Analyst to inspect any cloud-based storage systems identified by Defendants and run mutually-agreed-upon keyword searches as required, to do the following to determine if Devine and/or Tri-Merit are in possession, custody, or control of CTI Documents or documents derived from CTI Documents, and to determine any and all uses, copies, or transmissions of such data while in Devine's and Tri-Merit's possession, custody, or control (hereinafter "Analysis"):

    a. Create forensic images of each device to preserve data and perform the actions outlined below without compromising the original media.

    b. Provide all parties with internal serial numbers for all USB storage devices (via WMIC command or a utility such as USBDview) along with any device information that appears externally on the device.

    c. Create a list of all user profiles and corresponding Security Identifier (SID) numbers for each Windows device.

    d. Attempt to recover orphaned and deleted documents on each device (i.e., "Recover Folders" in EnCase Forensics).

    e. Create file lists for each device:

        i. File extensions for file lists: .doc, .docx, .docm, .dotx, .dotm, .xls, .xlsm, .xlsb, .xlsx, .xltx, .xlb, .xlw, .ppt, .pptx, .pps, .ppsx, .pdf, .pub,

.pst, .ost, .msg, .eml, .olm, .mbox .rar, .7z, .zip, .jpg, .jpeg, .gif, and .png.

  ii. Metadata fields for file lists (where available):

1. Full file path
2. File name
3. File extension
4. File logical size (bytes)
5. File creation date (UTC)
6. File last accessed date (UTC)
7. File last written date (UTC)
8. Field indicating if file is "active", "deleted" or "overwritten"
9. MD5 hash value
10. Author
11. Company

 f. For Windows devices, perform an artifact analysis to include:

  i. Analysis of the Recycle Bin, Shellbags, Link Files, Internet History, Jump Lists, Volume Shadow Copies to identify file interaction, access, or transfer to external media and file deletion.

  ii. Analysis of the Windows registry, setupapi.dev.log, and setupapi.upgrade.log files to show the USB connections that have been made on the devices.

 g. For Apple devices, perform an artifact analysis to include:

  i. Analysis of FsEvents, Recently Used Items, and Internet History to identify file interaction, access, or transfer to external media and file deletion.

  ii. Analysis of Apple Unified Log to show the USB connections that have been made on the devices.

 h. The Analysis shall be treated by the Parties as Attorneys' Eyes Only under

the Protective Order such that neither party shall provide a copy of the Analysis to their respective clients until the Parties have met and conferred.

    i. The Analyst shall not provide any information to CTI from such devices or systems unrelated to the CTI Documents but shall provide to the Parties' counsel a copy of all CTI Documents located through such forensic analysis and any material reflecting or relating to the copying, transport, or use of CTI Documents. The Analyst may consult with CTI's counsel and or CTI's own forensic consultant to assist in identifying CTI Documents and will copy or otherwise include Defendants' counsel on all such communications.

    j. For the avoidance of doubt, the Analyst shall not disclose privileged information between Devine or Tri-Merit and their attorneys. To ensure no privileged information is provided to CTI, the files/folders that are located by the Analyst will first be sent to counsel for Devine and Tri-Merit, and Devine's and Tri-Merit's counsel will have ten (10) business days to review the same, and if they believe that any of the data contains privileged information, counsel for Devine and Tri-Merit will produce a privilege log to be sent to counsel for CTI. The Parties will then work together in good faith to resolve any disputes over privileged information.

    k. The Parties shall equally split the fees and costs associated with engaging the Analyst.

H. The Parties acknowledge that Devine has caused certain devices, including but not limited to an iPad and his iCloud/iTunes account, to be forensically imaged. Within ten (10) business days of entry of this order by the Court, Devine shall cause copies of all such images to be provided transferred directly to the Analyst from ArcherHall, which performed such imaging, and will provide all tools, methods, and information regarding the process of the forensic imaging performed.

I. Devine and Tri-Merit shall, within ten (10) business days of this order, identify and produce to an independent third-party software engineer (the "Software Engineer"),

agreed upon by the Parties, any software under development or in use at Tri-Merit since Devine's employment at Tri-Merit and for which Devine has had any input, whether directly or indirectly, into the functionality, coding, development, design, or specifications of such software, for the purposes of analysis and comparison with CTI's software, Tax Incentives Online. To the extent that such software is only under development and not yet embodied in functioning software, Tri-Merit will produce to the Software Engineer all documentation describing the anticipated use cases, functionality, coding, development, design, or specifications of such software. The Parties shall equally split the fees and costs associated with engaging the Software Engineer.

J.  The Parties shall preserve all evidence, whether electronic or otherwise, related in any way to this action.

This Preliminary Injunction shall remain in effect through trial, except upon order of the Court. The Parties waive any requirement for CTI to deposit a bond for the Preliminary Injunction. The Parties are notified that violation of the Preliminary Injunction may be subject to contempt proceedings.

Dated: September 27, 2023

**DLA PIPER LLP (US)**

By: /s/ Matthew F. Miller
MATTHEW F. MILLER
JEFFREY TSAI
TOM LIN
Attorneys for Plaintiff
CTI III, LLC

Dated: September 27, 2023

**FORTIS LAW PARTNERS**
**NOONAN LAW GROUP**

By: */s/ Cara Thornton (as authorized on 9/27/23)*
CARA THORNTON (*Pro Hac Vice*)
TODD NOONAN

|   |   |
|---|---|
|   | Attorneys for Defendant<br>BARRY DEVINE |
| Dated: September 27, 2023 | **GREENBERG TRAURIG, LLP** |
|   | By: */s/ Todd Pickles (as authorized on 9/27/23)*<br>KURT A. KAPPES<br>TODD PICKLES<br>HENRY STROUD<br>Attorneys for Defendant<br>TRI-MERIT, LLC |

**IT IS ORDERED** that the forgoing Stipulation for Entry of Preliminary Injunction is approved and accepted. The Court enters and orders the injunctive relief identified in Paragraphs A–J.

|   |   |
|---|---|
| Dated:  September 29, 2023 | /s/ John A. Mendez<br>THE HONORABLE JOHN A. MENDEZ<br>SENIOR UNITED STATES DISTRICT JUDGE |